UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ALAN DOUGLAS,<br><br>        Petitioner,<br><br>    v.<br><br>Superior Ct of California<br>for Los Angeles County,<br><br>        Respondent. | Case No. CV 20-07524-RSWL (AS)<br><br>**ORDER OF DISMISSAL** |

**I.   BACKGROUND**

On August 18, 2020, Alan Douglas ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1).

The Petition asserts the following grounds for federal habeas relief: (1) "Trial court [TC] and TJ ERR in Judgments with gross

1

bias and prejudice."; (2) "TJ let Opposition to use False Statements when issued Judgments against Petitioner."; (3) "TC failed to reassign[] the Consolidated Cases BC657529/BC696685 to Settlement Court."; (4) "TC ERR[S] when rejected Default Judgment in favor of Petitioner."; and (5) "TC get[s] free pass for tortfeasors and denied Petitioner's right for Jury Trial and Compensation." (Petition at 5-6, Attachments).

A Petition for Writ of Habeas Corpus can only be filed by a petitioner who is in state custody and contends that such custody is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(c). Here, Petitioner has failed to allege he is in state custody and that such custody is in violation of the Constitution, laws or treaties of the United States.

Moreover, the claims alleged in the Petition are incomprehensible, vague and conclusory. See Hendrix v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory" or palpably incredible . . . 'or patently frivolous or false.'")(citations omitted). Petitioner has also failed to allege any claim(s), much less any the claims which go to the fact or duration of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 489 (1973).

Finally, since Petitioner has failed to name the proper respondent, the name of the state officer having custody over

Petitioner (i.e., prison warden), see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1984); Rule 2(a), Rules Governing Section 2254 Cases in the United States Supreme Court, the Court lacks jurisdiction over the Petition. See Smith v. Idaho, 392 F.3d 350, 352-55 (9th Cir. 2004).

Because Petitioner does not state a claim for relief under 28 U.S.C. § 2254, dismissal of the Petition is warranted.

## II. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 8/21/2020

                                         s/ RONALD S.W. LEW
                                         RONALD S.W. LEW
                                   UNITED STATES DISTRICT JUDGE

Presented by:

      /s/
    ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

3